Szablyar v Gheorghe J. Zuralau (2018 NY Slip Op 05884)





Szablyar v Gheorghe J. Zuralau


2018 NY Slip Op 05884


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-04888
 (Index No. 3456/12)

[*1]Juliana U. Szablyar, appellant, 
v
Gheorghe J. Zuralau, respondent.


Juliana U. Szablyar, Jackson Heights, NY, appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Anna Culley, J.), entered April 5, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated February 3, 2016, made after a nonjury trial, granted the parties a divorce by reason of the irretrievable breakdown of their marriage for a period of at least six months, awarded the plaintiff the sum of only $249.18 in equitable distribution of marital property, and awarded the plaintiff the sum of only $20,000 for attorney's fees and legal expenses.
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on January 14, 2009. The plaintiff commenced this action against the defendant for a divorce and ancillary relief on February 16, 2012. The plaintiff's grounds for divorce as stated in the complaint were cruel and inhuman treatment pursuant to Domestic Relations Law § 170(1) and the irretrievable breakdown of the parties' marriage for a period of at least six months, pursuant to Domestic Relations Law § 170(7). Pursuant to a "Preliminary Conference Stipulation/Order" dated October 16, 2012, the parties stipulated that the ground for divorce would be an irretrievable breakdown of the marriage for a period of at least six months. During an inquest on the issue of grounds for divorce, the trial court ruled without objection that it would grant a divorce on this ground. A trial on the remaining issues, including the equitable distribution of marital property, followed. In a decision after trial dated February 3, 2016, the court, inter alia, granted a divorce by reason of an irretrievable breakdown of the marriage for a period of at least six months, and, upon finding that the only asset subject to equitable distribution was a joint bank account, awarded the plaintiff half of its proceeds, in the sum of $249.18. The trial court also awarded the plaintiff $20,000 in attorney's fees and legal expenses. The plaintiff appeals, pro-se, from the judgment of divorce entered April 5, 2016, upon the trial court's decision.
The plaintiff contends that the trial court erred by not granting her a divorce on the ground of cruel and inhuman treatment. However, the plaintiff effectively waived any objection that could be made on this appeal as to the grounds upon which the trial court granted a divorce. At the inquest, she raised no objection to the stated ground to which she and the defendant had already stipulated in the Preliminary Conference Stipulation/Order (see generally Minkow v Metelka, 46 [*2]AD3d 864).
Contrary to the plaintiff's further contention, we discern no basis to disturb the trial court's finding that a motor vehicle and the contents of two safe deposit boxes constituted the defendant's separate property (see Domestic Relations Law § 236[B][1][d]; see generally Ceravolo v DeSantis, 125 AD3d 113; Hymowitz v Hymowitz, 119 AD3d 736).
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court